UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELTON LOVE, JR., | No.  2:22-cv-1233 TLN AC P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| RICK M. HILL, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding through counsel, seeks relief pursuant to 42 U.S.C. § 1983 and state law.  By order filed October 12, 2022, the undersigned screened the complaint and found that it did not state a claim for relief.  ECF No. 12.  Plaintiff was given an opportunity to file an amended complaint and has now filed a first amended complaint.  ECF No. 15.

I.   Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1

1    Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal

2    theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639,

3    640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as

4    stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a

5    constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.

6    Franklin, 745 F.2d at 1227-28 (citations omitted).

7         "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the

8    claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

9    what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550

10   U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

11   "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context

12   of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman,

13   680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure

14   to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a

15   cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the

16   speculative level." Twombly, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain

17   something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally

18   cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur

19   R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

20        "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

21   relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting

22   Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual

23   content that allows the court to draw the reasonable inference that the defendant is liable for the

24   misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this

25   standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg.

26   Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the

27   pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor,

28   Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

II. <u>Amended Complaint</u>

The amended complaint, like the original, revolves around plaintiff's allegation that defendants are attempting to enforce an "underground regulation" by requiring plaintiff to transfer to a Non-Designated Programming Facility (NDPF); it claims various constitutional and state law violations that have allegedly been caused by the attempted enforcement. ECF No. 15.

In screening the original complaint, the court advised that

> the complaint is perilously close to constituting a "shotgun" or "kitchen sink" complaint and violating Federal Rule of Civil Procedure 8(a)(2)'s requirement that a complaint contain a "short and plain statement . . . showing that the pleader is entitled to relief." Despite the complaint being forty-seven pages in length, the causes of action and their supporting facts are poorly defined, and as discussed below, fail to state any cognizable claims. "The plaintiff who files a kitchen-sink complaint shifts onto the defendant and the court the burden of identifying the plaintiff's genuine claims and determining which of those claims might have legal support. . . . It is the plaintiff['s] burden, under both Rule 8 and Rule 11, to reasonably investigate their claims, to research the relevant law, to plead only viable claims, and to plead those claims concisely and clearly, so that a defendant can readily respond to them and a court can readily resolve them." <u>Gurman v. Metro Hous. & Redevelopment Auth.</u>, 842 F. Supp. 2d 1151, 1153 (D. Minn. 2011).

ECF No. 12 at 3 n.1. The court nonetheless proceeded to screen the complaint comprehensively, identifying the deficiencies of the claims as pleaded and specifying how they might be remedied, where possible.[1] However, rather than amending the complaint to comply with Rule 8, plaintiff has instead chosen to reproduce nearly the entire original complaint and add additional content that has extended the complaint by eleven pages. <u>Compare</u> ECF No. 1 <u>with</u> ECF No. 15.

Despite increasing the length of the complaint, plaintiff has failed to remedy any of the deficiencies identified in the screening order, including such basic failures as not pleading compliance with the Government Claims Act. <u>See</u> ECF No. 12 at 12 (addressing pleading requirement for state law claims). Instead, the extended length of the amended complaint is due in significant part to the inclusion of additional information regarding the state court's finding that the policy at issue is an "underground regulation" in violation of the state's Administrative

---

[1] The undersigned found that some claims, such as the claim that plaintiff's disciplinaries violated his right to be free from double jeopardy, could not be cured by amendment.

Procedures Act. ECF No. 15 at 2-3, 19-21. The additional pages are also attributable to the addition of repetitive allegations regarding plaintiff's disciplinary punishment; former secretary Kathleen Allison as a defendant; a claim under California Penal Code § 147; and allegations to bolster plaintiff's due process claim. Id. at 4-17, 22-23, 41, 45-46.

As an initial matter, there is no private right of action under California Penal Code § 147. See Johnson v. United States, 734 F. App'x 436, 440 (9th Cir. 2018). Moreover, whether the NDPF policy violated California's Administrative Procedures Act is entirely immaterial to the question whether it violated plaintiff's constitutional rights.[2] Plaintiff also misstates the state court's findings regarding the dangerousness of NDPFs. The court did not find, as plaintiff asserts, that NDPFs were "placing inmates lives in imminent danger." ECF No. 15 at 2. Instead, the state court found that evidence "indicates that some violence between GP and SNY populations has occurred since the NDPF Policy was implemented," but that "the extent to which such violence exceeds the incidence of violence under the prior housing system is unclear." ECF No. 15-1 at 10, 15. The state court's ruling therefore does not compel, as plaintiff implies, a finding that transferring plaintiff to an NDPF, by itself, violates his Eighth Amendment rights.

Plaintiff's attempt to bolster his due process claim also fails to remedy the previously identified deficiencies. As in the original complaint, plaintiff once again identifies three rules violation reports (RVRs) that he received in relation to attempts to house him on an NDPF: a November 25, 2020 RVR for refusing to transfer; a February 23, 2021 RVR for refusing to transfer; and a March 23, 2021 RVR for behavior which could lead to violence. ECF No. 15 at 29, 36, 41. The amended complaint reiterates the allegations of the original and further alleges that defendant O'Connor violated state law and the Department Operations Manual because "he could not review [the] matter because he had been involved in [the] matter that was already on appeal." Id. at 41. It also adds a conclusory allegation that plaintiff was not provided any of the

////

---

[2] Plaintiff alleges that the NDPF policy violated the Administrative Procedures Act because it was enacted without following the rulemaking procedures required by the Act. ECF No. 15 at 21-22.

1   protections outlined in Wolff v. McDonnell, 418 U.S. 539 (1974), and that there was no evidence
2   to support a finding of guilt. Id. at 45-46.

3   With respect to prison disciplinary proceedings that include the loss of good-time credits,
4   an inmate must receive (1) twenty-four-hour advanced written notice of the charges against him,
5   Wolff, 418 U.S. at 563-64; (2) "a written statement by the factfinders as to the evidence relied on
6   and reasons for the disciplinary action," id. at 564 (internal quotation marks and citation omitted);
7   (3) an opportunity to call witnesses and present documentary evidence where doing so "will not
8   be unduly hazardous to institutional safety or correctional goals," id. at 566; (4) assistance at the
9   hearing if he is illiterate or if the matter is complex, id. at 570; and (5) a sufficiently impartial fact
10  finder, id. at 570-71. A finding of guilt must also be "supported by some evidence in the record."
11  Superintendent v. Hill, 472 U.S. 445, 454 (1985).

12  Even assuming that O'Connor violated state law and departmental policy, plaintiff's due
13  process rights were not violated unless he was deprived one of the protections outlined in Wolff.
14  To the extent plaintiff appears to allege that O'Connor was not impartial, he still fails to
15  demonstrate a violation of his due process rights because there are no allegations that O'Connor
16  was not impartial while acting as a fact finder.[3]

17  Plaintiff also attempts to bolster his claim by making a formulaic recitation of the due
18  process protections outlined in Wolff and a conclusory assertion that he did not receive them.
19  ECF No. 15 at 46. This attempt fails to correct the deficiencies in the original complaint because
20  plaintiff offers no details regarding the alleged due process violations. He does not identify in
21  which, if any, of the disciplinary proceedings he was deprived of advanced written notice, and the
22  exhibits he provides all indicate that such notice was provided. ECF No. 15-1 at 38, 71, 91. The
23  exhibits to the complaint also demonstrate that plaintiff was provided with a written statement
24  regarding the evidence relied on and reasons for the disciplinaries (id. at 42, 74-76, 94-96), and
25  plaintiff does not identify any witnesses or evidence that he was prevented from presenting.

---

[3] Plaintiff appears to allege that it was inappropriate for O'Connor to interview him regarding statements he made during a disciplinary hearing during which O'Connor was the hearing officer. ECF No. 15 at 40-41.

There are also no allegations demonstrating that plaintiff is illiterate, that the matters were overly complex, or that the fact finders were not impartial. Additionally, as the court found in screening the original complaint, plaintiff has no due process claim related to his February 23, 2021 RVR because he was found not guilty and did not lose any good-time credits as a result. ECF No. 12 at 10; see also Frank v. Schultz, 808 F.3d 762, 764 (9th Cir. 2015) (citations omitted) (no compensable due process violation where procedural error is later corrected through administrative process and prisoner ultimately did not lose good-time credits).

Plaintiff has also failed to plausibly allege a complete absence of evidence on which to find him guilty of the offenses with which he was charged. As the court previously found, "[r]ather than alleging a complete lack of evidence, the complaint reflects plaintiff's disagreement with the fact-finder's interpretation of his conduct. Plaintiff's admitted statements and refusal to accept transfer constitute 'some evidence' within the meaning of Hill." ECF No. 12 at 10.

Finally, plaintiff's new allegations against defendant Allison—former Secretary of the California Department of Corrections and Rehabilitation—are substantively identical to those made against defendant Hill—Warden of Folsom State Prison—and fail for the same reasons the allegations against Hill failed to state a claim in the original complaint. See ECF No. 12 at 6-7 (explaining failure to state a claim against Hill). Moreover, because the remainder of the amended complaint is identical to the original complaint, it fails to state a claim for the same reasons set forth in the October 12, 2022 screening order (ECF No. 12), which is incorporated herein by reference.

### III.    No Leave to Amend

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato v. United States, 70 F.3d 1103, 1105-06 (9th Cir. 1995).

The undersigned finds that, as set forth above, the complaint fails to state a claim upon which relief may be granted. Plaintiff, who is represented by counsel, has already been given an

1 | opportunity to amend the complaint and advised what kind of information he needed to provide.
2 | Given the lack of additional facts provided by plaintiff and the failure to cure any deficiencies or
3 | conform the complaint to comply with Rule 8, it does not appear that further amendment would
4 | result in a cognizable claim. As a result, leave to amend would be futile and the complaint should
5 | be dismissed without leave to amend.
6 |      Accordingly, IT IS HEREBY RECOMMENDED that for the reasons set forth above and
7 | in the October 12, 2022 Screening Order (ECF No. 12), the first amended complaint be dismissed
8 | without leave to amend for failure to state a claim.
9 |      These findings and recommendations are submitted to the United States District Judge
10 | assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days
11 | after being served with these findings and recommendations, plaintiff may file written objections
12 | with the court. Such a document should be captioned "Objections to Magistrate Judges Findings
13 | and Recommendations." Plaintiff is advised that failure to file objections within the specified
14 | time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153
15 | (9th Cir. 1991).
16 | DATED: January 4, 2023

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

7